IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL MANOS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-1128-P-BN |
| | § | |
| SUSAN HAWK, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

On March 31, 2014, Plaintiff Michael Manos's *pro se* civil rights action was transferred to this Court from the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and 1406(a). *See* Dkt. No. 7. On August 28, 2014, this action was referred to the undersigned United States magistrate judge by Chief Judge Jorge A. Solis for screening under 28 U.S.C. § 636(b). *See* Dkt. No. 26. The undersigned now enters the following findings, conclusions of law, and recommendation.

**Background**

At the time this action was transferred to this Court, the transferor court vacated its order granting Plaintiff leave to proceed *in forma pauperis* and withdrew all summonses issued to all defendants. *See* Dkt. No. 7 at 1.

Accordingly, as Chief Judge Solis noted in his August 28, 2014 Order,

> Plaintiff has not received permission to proceed *in forma pauperis* in this matter, the lawsuit has not been screened under 28 U.S.C. §§ 1915A and 1915(e)(2)(B), and no defendants have been properly served. The Court

must determine whether Plaintiff may proceed *in forma pauperis*, the case must be screened, and summonses must issue if any defendants or claims survive initial screening. Only at that time will the Court consider any motion filed pursuant to Fed. R. Civ. P. 12(b).

Dkt. No. 26 at 1. The Court therefore denied the then-pending motions to dismiss and Plaintiff's motion for extension of time to respond and referred this action to the undersigned for screening. *See id.* at 1-2.

The next day, the Court issued an order and notice of deficiency [Dkt. No. 27], requiring Plaintiff to, no later than September 19, 2014, either pay the statutory filing fee or submit a request to proceed *in forma pauperis* <u>and</u> file an amended complaint on the Court's civil rights form, as required under Miscellaneous Order No. 14 (N.D. Tex.).

On Plaintiff's timely motion [Dkt. No. 28], dated September 10, 2014, that deadline was extended to October 19, 2014. *See* Dkt. No. 29.

One month has passed since that deadline, and Plaintiff has failed to comply with the Court's order or otherwise contact the Court since his motion for extension dated more than two months ago.

## Legal Standards and Analysis

Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action *sua sponte*, "with or without notice to the parties," *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the federal rules or any court order. This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.*

(citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. Nov. 17, 2011) (per curiam) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order." (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988))).

By failing to comply with the Court's order requiring him to either pay the statutory filing fee or submit a request to proceed *in forma pauperis* and file an amended complaint on the Court's civil rights form, Plaintiff has prevented this action form proceeding and, thus, has failed to prosecute his lawsuit and obey the Court's orders. A Rule 41(b) dismissal of Plaintiff's case without prejudice is warranted under these circumstances, and the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Plaintiff decides to comply with the Court's orders. The Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice.

**Recommendation**

Petitioner's action should be dismissed *sua sponte* without prejudice pursuant to Federal Rule of Civil Procedure 41(b). If, however, within 14 days of the date of this recommendation, Plaintiff complies with the Court's August 29, 2014 Notice of Deficiency and Order [Dkt. No. 27], the Court should refer the case back to the undersigned for further screening.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 19, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE